# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MARIO SANTIAGO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **TRIAL BY JURY DEMANDED** |
| **CONNECTIONS COMMUNITY** ) | |
| **SUPPORT PROGRAMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

## THE PARTIES

1. Mario Santiago, Plaintiff (hereinafter "Plaintiff") was at all times relevant to this complaint a resident of the State of Delaware.

2. Connections Community Support Programs, Inc., Defendant (hereinafter "Defendant") is a public corporation organized and existing under the laws of the state of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under the Fair Labor Standards Act, codified in 29 *U.S.C.* § 201 *et seq*. Accordingly, this

Court has jurisdiction over the controversy based upon the provisions of 42 *U.S.C.* § 2000e-5(f)(3) as well as 28 *U.S.C.* §§ 1331 and 1334.

## VENUE

4. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 *U.S.C.* § 1339(b).

## FACTS

5. Plaintiff was sentenced to a term of Level V imprisonment at Howard R. Young Correctional Institution where part of the sentence imposed on June 14, 2019 required Plaintiff's completion of the Key Program, administered by Connections Community Support Programs, Inc.

6. While participating in the Key Program, an intensive substance abuse treatment and education program, Plaintiff was coerced into providing services as a Spanish interpreter for Defendants staff to communicate with Spanish speaking participants.

7. Plaintiff routinely provided interpreter services during group sessions and during one-on-one sessions between staff and other Spanish speaking participants.

Case 1:21-cv-00179-CFC   Document 1   Filed 02/10/21   Page 3 of 5 PageID #: 3

8. Defendant continued to coerce Plaintiff to act in this capacity by making threats that should he stop acting as an interpreter, Defendant staff would report him as non-compliant with the requirements of the Key Program.

9. Plaintiff is not a certified Spanish language interpreter.

10. Pursuant to 29 *U.S.C.* § 203, Plaintiff was an employee of Defendant from June 14, 2019 through May 26, 2020.

11. During the aforesaid time-period, Plaintiff was not paid due compensation for interpreter services rendered to Defendant.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

12. Plaintiff incorporates paragraphs 1 – 11, as though fully set forth herein.

13. By conscripting Plaintiff into acting as a Spanish language interpreter, Defendant created an employer-employee relationship with Plaintiff.

14. Under this relationship, an employer is required to pay wages to an employee on a regularly set schedule for services rendered.[1]

15. At no time was Plaintiff paid for his services acting as a Spanish interpreter for Defendant.

16. 29 *U.S.C.* § 206 requires that employees be paid pursuant to a regular schedule, the minimum wage due as determined by statute.

---

[1] 29 *U.S.C.* § 206.

## COUNT II: UNJUST ENRICHMENT

17. Plaintiff incorporates paragraphs 1 – 16, as though fully set forth herein.

18. In obtaining interpreter services from Plaintiff without due payment of required wages, Defendant was unjustly enriched.

19. Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[2]

20. Defendant benefitted from Plaintiff's services as a Spanish language interpreter in that Defendant was able to obtain valuable personal services from Plaintiff, under coercion, without paying due wages.

**WHEREFORE,** Plaintiff requests this Honorable Court enter a judgment in his favor and against the defendant as follows:

a. Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's statutory rights.

b. Ordering that the Defendant pay restitution damages to the Plaintiff in an amount commensurate with the median market rate of a Spanish language interpreter in the State of Delaware.

---

[2] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (*Quoting Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988)).

  c. Award the Plaintiff sufficient funds to compensate him for his losses, pain, and mental suffering, which cannot otherwise be compensated by equitable relief.

  d. Award the Plaintiff compensatory damages not otherwise specified.

  e. Award the Plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

  f. Award the plaintiff attorney fees, the costs of this action, pre-judgment, and post-judgment interest.

  g. And award such other and further relief as this Court feels proper.

           **THE POLIQUIN FIRM LLC**

           /s/ *Marc J. Wienkowitz*
           MARC J. WIENKOWITZ, ESQUIRE
           Delaware I.D. No.: 5965
           1475 S. Governors Avenue
           Dover, DE 19904
           (302) 702-5501
           *Attorney for Plaintiff*

Dated: February 10, 2021